NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS GARCERAN,<br><br>　　　　Plaintiff,<br>v.<br><br>MORRIS COUNTY PROSECUTORS OFFICE, *et al.*,<br><br>　　　　Defendants. | Civil Action No.: 14-2135 (CCC)<br><br><br><br>**REPORT & RECOMMENDATION** |

**FALK, U.S.M.J.**

　　*Pro se* Plaintiff Carlos Garceran commenced this action by filing a 6-page certification with 102 pages of exhibits alleging vague claims against 22 defendants, including two New Jersey State Court Judges, arising out of his apparent dissatisfaction with certain New Jersey Family Court matters and a prior arrest.

　　All named defendants have moved to dismiss the "Complaint" for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Presently before the Court is the motion to dismiss brought by five of the defendants: Kristin Dubnoff; Corey Dubnoff; Kevin Weinman,

Esq.; Roy Kurnos, Esq.; and Emma Merideth (the "Moving Defendants").[1] [ECF No. 12.] Plaintiff filed a document that is labeled a "response . . . objecting to Motion to Dismiss," although it is unclear whether this opposition is directed to the Moving Defendants' motion or a prior motion to dismiss brought by various state defendants that remains pending. [ECF No. 13.] The motion was referred to the Undersigned for a Report and Recommendation on November 21, 2014. No oral argument is necessary. Fed. R. Civ. P. 78(b). For the reasons stated below, it is recommended that the Moving Defendants' motion be **GRANTED**.

## RECOMMENDATION

Plaintiff's pleading is difficult to decipher. Generally speaking, it seems as though Plaintiff is seeking damages for an allegedly improper search and criminal arrest in 2006, and for a panoply of alleged wrongs arising out of an ongoing custody fight with his ex-wife in the New Jersey Superior Court.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a

---

[1] Ms. Dubnoff is Plaintiff's ex-wife; Mr. Dubnoff is her current husband. Messers. Weinman and Kurnos are Ms. Dubnoff's attorneys, and Ms. Meredith is an administrative assistant in the office of Belsole and Kurnos, LLC.

court must take all of the allegations in the Complaint as true and view them in the light most favorable to the plaintiff.  See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." Id.  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is responsible for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While "[t]he plausibility standard is not akin to a probability requirement it asks for more than a 'sheer possibility.'" Id.

Plaintiff's pleading falls short of the *Iqbal/Twombly* requirements.  The "Complaint" in this case is comprised of a six page certification and a hundred pages of exhibits, mostly state court documents and pleadings.  Even construed in the most indulgent way possible given Plaintiff's *pro se* status,[2] the Complaint clearly does not state a plausible claim for relief under Rule 12(b)(6) and likely does not satisfy the

---

[2] *Pro se* submissions must be given a liberal construction.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

"notice pleading" requirements of Federal Rule of Civil Procedure 8(a).  See Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (Rule 8 requires a "short, plain" statement of the claim).  Specifically, the Complaint does not appear to even mention Defendants Kurnos or Meredith in any material way.  Thus, any "claims" against them fail.

As for Plaintiff's claims against his ex-wife, her spouse, and her lawyer, it appears that he *may* be attempting to allege a New Jersey state law defamation claim.  However, the extreme generality in the pleading is insufficient to satisfy Rules 8 and 12(b)(6).  See, e.g., Mangan v. Corporate Synergies Group, Inc., 834 F. Supp. 2d 199, 204 (D.N.J. 2011) (a "pleading must allege the elements of defamation as defined by New Jersey law to a degree of sufficient specificity to satisfy the standards of Rule 8.").  Moreover, it appears that these allegations may arise out of New Jersey state court proceedings in 2010, which may, depending on what Plaintiff is attempting to allege, raise statute of limitations issues.

Finally, it appears that Plaintiff may be attempting to plead additional claims based on alleged "criminal acts" for which there may not be available civil causes of action.  Again, the nature of the pleading makes it impossible to conclusively decide this issue.

The Complaint, even as a *pro se* filing, lacks the specificity necessary for the Court to reasonably analyze it and for the Defendants to have a meaningful opportunity to respond to it.  No viable claims are stated on the face of the current pleading.

Based on the above, it is recommended that the Moving Defendants' motion to dismiss pursuant to Rule 12(b)(6) be **GRANTED** and that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.  It is further recommended that Plaintiff be given an opportunity to attempt to re-plead his claims against the Moving Defendants within 30 days.[3]

                                                    s/Mark Falk
                                                    **MARK FALK**
                                                    **United States Magistrate Judge**

**DATED: December 2, 2014**

---

[3] The Moving Defendants also allege a lack of federal subject matter jurisdiction.  It is unclear whether Plaintiff has alleged a federal claim against some of the other defendants in this case which, if he has, could, at least temporarily, provide supplemental jurisdiction over any claims against the Moving Defendants.  This issue may be addressed further if the litigation proceeds.