NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS GARCERAN,<br><br>                    Plaintiff,<br><br>     v.<br><br>MORRIS COUNTY PROSECUTORS OFFICE, *et al.*,<br><br>                    Defendants. | Civil Action No. 14-2135 (CCC-MF)<br><br>**OPINION** |

**CECCHI, District Judge.**

**I.   INTRODUCTION**

This matter comes before the Court on two separate motions to dismiss. The *pro se* Plaintiff, Carlos Garceran ("Plaintiff") filed a Complaint in this action on April 3, 2014 against several defendants. As explained in more detail below, the defendants State of New Jersey Judiciary, Hon. Thomas Weisenback, A.J.S.C., Hon. James Demarzo, J.S.C., Hon. Michael Maenza, J.S.C., Hon. Rosemary Ramsey, J.S.C., Rashad Shabaka-Burns, Joseph Donofrio, Mathew Potter, Joseph Costello, Kristie Bednarski-Allegretta, Katherine Broderick, and Brian Wilson (the "First Moving Defendants"), and Kristin Dubnoff, Corey Dubnoff, Kevin Weinman, Esq., Roy Kurnos, Esq. and Emma Merideth (the "Second Moving Defendants") filed two separate motions to dismiss [ECF Nos. 10, 12].

On December 2, 2014, Magistrate Judge Falk issued a Report and Recommendation ("R&R") that granted the Second Moving Defendants' motion to dismiss [ECF No. 14]. Plaintiff

1

subsequently filed an objection to Judge Falk's R&R on January 12, 2015 [ECF No. 17]. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court adopts Judge Falk's Report and Recommendation granting the Second Moving Defendants' motion to dismiss without prejudice.

## II. BACKGROUND

The *pro se* Plaintiff filed a Complaint in this action on April 3, 2014 against several defendants. Although Plaintiff's complaint is difficult to understand, it appears as though his claims stem from an allegedly improper search and criminal arrest in 2006, followed by numerous alleged wrongs arising from an ongoing custody dispute with his former spouse in the New Jersey Superior Court. On June 9, 2014, the First Moving Defendants filed a motion to dismiss the Complaint [ECF No. 10]. On July 8, 2014, the Second Moving Defendants filed a motion to dismiss the Complaint [ECF No. 12]. Plaintiff opposed the dismissal of this action, though it is unclear from Plaintiff's response whether Plaintiff directed the opposition to the First Moving Defendants' Motion to Dismiss or to the Second Moving Defendants' Motion to Dismiss. On December 2, 2014, Magistrate Judge Falk issued a Report and Recommendation ("R&R") that the Second Moving Defendants' motion to dismiss be granted [ECF No. 14]. Plaintiff filed an objection to the R&R on January 13, 2015 [ECF No. 17].

## III. LEGAL STANDARD

When a Magistrate Judge addresses motions that are considered dispositive, such as a motion to remand, the Magistrate Judge submits a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made

by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2). On dispositive motions, the district court must make a *de novo* determination of those portions of the Magistrate Judge's Report and Recommendation to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); see State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002). However, the district is not required to conduct a *de novo* review when (1) the objections are untimely filed without sufficient justification, Grandison v. Moore, 786 F.2d 146, 148 (3d Cir. 1986); or (2) only a general objection to the report is offered, Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984). Unlike an Opinion and Order issued by a Magistrate Judge on a non-dispositive matter, a Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. United Steelworkers of Am. v. N.J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987).

## IV.  DISCUSSION

The Court notes that Plaintiff's objection, filed on January 13, 2015 [ECF No. 17], was twenty-seven (27) days late, and Plaintiff does not offer any justification or good cause as to why the Court should accept this untimely filing. Under such circumstances, a district court is not required to accept the objection and is within its discretion to adopt the R&R without a *de novo* review. See Grandison v. Moore, 786 F.2d 146, 148 (3d Cir. 1986); see also Zelaskowski v. Johns-Manville, Corp., 578 F. Supp. 11, 13 (D.N.J. 1983). Furthermore, Plaintiff's objection is very general in content, arguing simply that Judge Falk is "wrong" without further elaborating on how the R&R misstates the facts or the law. (Pl.'s Objection at 2). A district court is not

required to complete a *de novo* determination where only a general objection to the report is offered. Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984). However, although this Court could adopt Judge Falk's R&R without a *de novo* review, given Plaintiff's *pro se* status and in the interest of affording him every opportunity to be heard, the Court sets forth its review of the R&R below.

### A. Motions to Dismiss

Magistrate Judge Falk correctly concluded that Plaintiff's pleading failed to state a plausible claim for relief, "[e]ven construed in the most indulgent way possible given Plaintiff's *pro se* status." R&R 3 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). As Judge Falk noted, the Complaint is essentially a six-page certification and approximately one-hundred pages of exhibits. R&R 3. A complaint must contain factual allegations sufficient to raise a plaintiff's right to relief to the point where it is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint contains the requisite "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is responsible for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Judge Falk properly concluded that the Complaint clearly does not state a plausible claim for relief under Rule 12(b)(6). Plaintiff recounts a police search, his subsequent arrest, and proceedings before the New Jersey Superior Court in which he generally alleges wrong-doing, but fails to state what claims arise out of those alleged acts upon which this Court can grant relief.[1] Plaintiff makes a number of accusations against the Second Moving Defendants that are

---

[1] The Court notes that while Plaintiff's objection recites accusations made against the First Moving Defendants, Judge Falk's R&R and this Court's opinion are directed towards the Second Moving Defendants' motion to dismiss [ECF No. 12].

merely legal conclusions. See Iqbal, 556 U.S. at 664 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations"). Plaintiff also does not state what constitutional and civil rights were violated, and the Complaint does not appear to mention Defendants Kurnos or Meredith (members of the Second Moving Defendants) in any substantive way.

With respect to the Second Moving Defendants and their Motion to Dismiss, Judge Falk also properly concluded that, while Plaintiff may be attempting to plead New Jersey state law claims against his ex-wife, her spouse, and her lawyer, the overly general statements in the pleading are insufficient to meet the requirements of Rule 12(b)(6) and the "notice pleading" requirement of Rule 8(a). R&R 4 (citing Mangan v. Corp. Synergies Grp., Inc., 834 F. Supp. 2d 199, 204 (D.N.J. 2011)). Judge Falk also noted that Plaintiff appears to plead other claims based on the defendants' alleged "criminal acts," but does not provide any basis for this Court to conclude that civil causes of action exist for those alleged crimes. R&R 4. Taking Plaintiff's *pro se* status into account by interpreting his pleading "in the most indulgent way possible," Plaintiff's complaint does not rise to the "plausible on its face" standard under Rule 12(b)(6) and controlling case law. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

### B. Plaintiff's Objection to the R&R

Furthermore, Plaintiff's objection to Judge Falk's R&R is unconvincing [ECF No. 17]. It does not cite to any legal authority or argue that the Complaint does meet the pleading requirements under Rule 12(b)(6). Instead, Plaintiff makes conclusory statements that the R&R is "wrong." (Pl.'s Objection at 2). Plaintiff, in his objection, also appears to attempt to supplement his pleading by attaching a word-for-word copy of a brief submitted to the Superior

5

Court of New Jersey while he was represented by counsel. (Compare Pl.'s Objection at 3-9 with Compl. at 14-20).[2] The Court therefore finds that Judge Falk's R&R correctly applied Plaintiff's pleading to the law and properly concluded it should be dismissed without prejudice.

## V.     CONCLUSION

Having thoroughly reviewed Magistrate Judge Falk's Report and Recommendation and Plaintiff's objections thereto, this Court hereby adopts Magistrate Judge Falk's Report and Recommendation in full, and thus grants the Second Moving Defendant's Motions to Dismiss [ECF No. 12] without prejudice.  Plaintiff shall have 30 days to re-plead his claims against all of the defendants.  Because Plaintiff may amend his claim as to all of the defendants, the First Moving Defendants' Motion to Dismiss [ECF No. 10] is denied as moot.  An appropriate Order accompanies this Opinion.

Dated: _February 26_, 2015

_____
CLAIRE C. CECCHI, U.S.D.J.

---

[2] Plaintiff cannot amend his pleading through his objection to the R&R. However, because the Court dismisses Plaintiff's Complaint without prejudice, Plaintiff will be afforded an opportunity to file an amended complaint.

6